IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | |
|---|---|
| MAWULE TEPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PATTON JOSHUA MUSICK, DAKIA ) | Case No. |
| TAYLOR, MARK JONES, MONICA JILL ) | |
| CULPEPPER, DANNY BRADLEY, CYNTHIA ) | |
| MORRISON, WHIRLPOOL CORPORATION, ) | |
| LUCILLE LATTIMORE NELSON, WILLIAM ) | |
| STEWARD RUTCHOW, AND OGLETREE ) | |
| DEAKINS NASH SMOAK & ) | |
| STEWART P.C., ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF REMOVAL**

Defendants Patton Joshua Musick, Dakia Taylor, Mark Jones, Monica Jill Culpepper, Danny Bradley, Cynthia Morrison, Whirlpool Corporation, Lucille Lattimore Nelson, William Steward [sic] Rutchow, and Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Defendants") hereby notice the removal of this action pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 to the United States District Court for the Eastern District of Tennessee. Defendants remove this case on grounds of federal question jurisdiction because Plaintiff's claims arise under federal law. In support of this Notice of Removal, Defendants state as follows:

**I.      Timeliness of Removal**

1.      On or about June 19, 2023, Plaintiff Mawule Tepe ("Plaintiff") filed a civil action against Defendants in Bradley County Circuit Court in Bradley County, Tennessee, Docket No. V-23-390. Copies of the Summons and Complaint are attached as Exhibit A, as required under 28

U.S.C. § 1446(a). These are the only process, pleadings, and orders Defendants have received in this action.

2. Plaintiff attempted to serve Defendants Nelson and Rutchow via email on June 22, 2023. Plaintiff also attempted to serve Defendants Nelson, Rutchow, and Ogletree on June 23, 2023 by certified mail (but not at the proper addresses or otherwise upon an agent authorized to receive service on their behalf).

3. Accordingly, Defendants are timely filing this Notice of Removal within 30 days after attempted service of process, as required by 28 U.S.C. § 1446(b).

## II. Venue

4. The Bradley County Circuit Court is located within the Southern Division of the Eastern District of Tennessee. 28 U.S.C. § 123. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III. Federal Question Jurisdiction

5. This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6. In his Complaint, Plaintiff alleges he was not paid overtime for the period of November 18, 2018 to November 24, 2018. (Compl. ¶¶ 55, 169, 185, 209, 211, 221.)

7. Although Plaintiff attempts to seek recovery of the alleged unpaid overtime through state law claims for intentional interference with prospective economic advantage, intentional interference with contractual employment relationship, unjust enrichment, and attempted extortion

(or civil extortion), the only obligation Defendant Whirlpool would have to pay overtime is under federal law, namely the Fair Labor Standards Act ("FLSA").

8. In his Complaint, Plaintiff also alleges Defendants engaged in "civil racketeering." (Compl. ¶¶ 1.) Such a claim could only be brought under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, a federal statute.

9. In his Complaint, Plaintiff also alleges he was terminated in retaliation for filing an EEOC Charge and federal lawsuits and that Defendants discriminated against and harassed him due to his race in violation of federal law. (Compl. ¶¶ 1, 17, 22-25, 33, 35-40, 43-44, 51-52, 54-55, 57, 59, 67-69, 78, 89-90, 92, 95, 134, 146, 167-169, 183-185, 211, 134 [sic] (p. 87), 137 [sic] (p. 89), 138 [sic] (p. 89), 150 [sic] (p. 93), 163 [sic] (p. 97), 166 [sic] (p. 98), 167 [sic] p. 99).)

10. Specifically among Plaintiff's allegations are the following that implicate federal law:

- Plaintiff was so embarrassed, shamed and humiliated by some of Patton Musick's Team members. Jokes and Mockery are a type of harassment prohibited by Federal Laws especially when directed against an individual under the "Protected Class." (Compl. ¶ 43.)

- Whirlpool Corporation's actions are believed to be retaliatory and intentional because Plaintiff filed complaints against [it] in Federal Court (Case No. 1:19-cv-00158-JRG-SKL and Case No. 1:20-cv-00332-JRK-SKL in 2019 and 2021)[.] (Compl. ¶ 89.)

- Retaliating against someone because the individual files a legal complaint is prohibited by Federal Laws[.] (Compl. ¶ 90.)

- [T]erminating Plaintiff's employment for retaliatory purpose because he filed internal complaints, and claim against Whirlpool Corporation with the EEOC, THRC, and U.S. District Court is also a fraudulent inducement of breach of contract. (Compl. ¶ 134.)

- Whirlpool Corporation's action is intentional and retaliatory as it was not pleased with two discrimination complaints Plaintiff filed against it back in 2019 and 2021 in United States District Court (Case No. 1:19-cv-00158-JRG-SKL and Case No. 1:20-cv-00332-JRG-SKL). (Compl. ¶ 150 [sic] (p. 93).)

3

11.     Such claims could only be brought under Title VII of the Civil Rights Act of 1964 ("Title VII").

12.     By asserting claims under federal law, namely, the FLSA, RICO, and Title VII, Plaintiff's Complaint asserts a federal question under 28 U.S.C. §1331. Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

13.     In addition, in his Complaint, Plaintiff alleges he had a health savings account through his employment with Defendant Whirlpool, that he was wrongfully terminated from his employment, that the account was a "use it or lose it" benefit, that the balance on the account was "forfeited" to Defendant Whirlpool at the end of 2020, and that Defendant Whirlpool breached its fiduciary duty to Plaintiff by misappropriating his account balance. (Compl. ¶¶ 80-85; *see also id.* ¶¶ 1, 89, 91, 167, 183, 190-194, 196-199, 201-204, 209-211, 220, 136-138 [sic] (pp. 88-89); 165-167 [sic] (pp. 97-99).)

14.     The account to which Plaintiff refers was governed by the terms of the Company's benefit plan.

15.     Claims relating to employee benefit plans, such as the one at issue here, are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*

16.     ERISA preempts state-law claims relating to employee benefit plans and provides the exclusive remedy for claims brought by benefit plan participants and beneficiaries. *See* 29 U.S.C. §§ 1132(a)(1)(B) and 1144(a) (providing that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan"). ERISA wholly displaces state law causes of action through complete preemption, and as such, state claims can be removed without regard to the well-pleaded complaint rule. *Aetna Health Inc. v. Davila,* 542 U.S.

200, 207-09 (2004); *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63-64 (2002). Here, Plaintiff's claims are based on an employee benefit plan established by an employer, as defined by ERISA, 29 U.S.C. § 1002(1). Therefore, several of Plaintiff's state law claims are preempted by ERISA.

17. Pursuant to 29 U.S.C. § 1132(e), the United States District Courts have original jurisdiction over actions brought by participants/beneficiaries to recover benefits pursuant to employee benefit plans under ERISA. This Court, therefore, has original jurisdiction over Plaintiff's claims by virtue of federal question jurisdiction under 28 U.S.C. § 1331, and this action is properly removed to federal court pursuant to 28 U.S.C. §§ 1331 and 1441(c).

## IV. Supplemental Jurisdiction

18. To the extent any of Plaintiff's claims are not preempted by ERISA, this Court has supplemental jurisdiction over Plaintiff's state law claims. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal cause of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact . . . such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725 (1966).

19. Here, Plaintiff's state law claims for (1) civil conspiracy involving wrongful collusion (Compl. ¶¶ 110-114); (2) intentional breach of contract and breach of covenant of good faith and fair dealing (*id*. ¶¶ 115-125); (3) fraudulent inducement of a breach of contract (*id.* ¶¶ 126-136); (4) promissory fraud (*id.* ¶¶ 137-148); (5) promissory estoppel (*id.* ¶¶ 149-157); (6) intentional interference with prospective economic advantage (*id.* ¶¶ 158-172); (7) intentional

5

interference with contractual employment relationship (*id.* ¶¶ 173-188); (8) breach of fiduciary duty by misappropriation of HSA balance (*id.* ¶¶ 189-194); (9) breach of fiduciary duty by withholding HSA information (*id.* ¶¶ 195-199); (11)[1] breach of fiduciary duty and breach of covenant of good faith and fair dealing (*id.* ¶¶ 200-204); (12) unjust enrichment (*id.* ¶¶ 205-213); (13) attempted extortion (or civil extortion) (*id.* ¶¶ 214-222, 123-124 [sic] (p. 84)); (14) fraudulent concealment (*id.* ¶¶ 125-140 [sic] (pp. 85-90)); (15) defamation (*id.* ¶¶ 141-153 [sic] (pp. 90-94)); (16) aiding and abetting fraud (*id.* ¶¶ 154-170 [sic] (pp. 94-100)); (17) abuse of process (*id.* ¶¶ 171-184 [sic] (pp. 100-105)); (18) fraud upon the court (*id.* ¶¶ 185-191 [sic] (pp. 105-108)); (19) unlawful practice of law (*id.* ¶¶ 192-196 [sic] (pp. 108-109)); (20) intentional infliction of emotional distress (*id.* ¶¶ 197-209 [sic] (pp. 109-111)); (21) declaratory judgment on unconstitutionality of the ECF Policy (*id.* ¶¶ 210-215 [sic] (pp. 111-112)) relate closely to his federal claims, including his ERISA, FLSA, RICO and Title VII claims.

20.     The claims all arise out of a common nucleus of operative facts: Plaintiff's employment with and ultimate termination from Defendant Whirlpool and the parties' litigation history regarding his employment and termination of employment since Plaintiff first filed suit in 2019.

21.     Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims neither raise novel or complex issues of State law nor predominate over the claims for which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for

---

[1] Plaintiff's Complaint does not include a tenth cause of action.

this Court to decline supplemental jurisdiction. *See* 28 U.S.C. 1367(c). Thus, removal is proper under 28 U.S.C. § 1441(c).

**V.      Conclusion**

22.      In accordance with 28 U.S.C. § 1466, copies of this Notice of Removal will be promptly served upon Plaintiff (who is *pro se)* and filed with the Clerk of the Bradley County Circuit Court. A copy of Defendants' notice of filing to the state court is attached hereto as Exhibit B.

23.      By removing this matter, Defendants do not waive or intend to waive any defense, including but not limited to insufficiency of process and insufficiency of service of process.

WHEREFORE, Defendants respectfully request that this Court assume control over this action, as this action is properly removed, and for such other relief as this Court deems just and proper.

7

Dated this 21st day of July, 2023.

Respectfully submitted,

/s/ Luci L. Nelson_____

William S. Rutchow,  BPR #017183
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
Truist Plaza
401 Commerce Street, Suite 1200
Nashville, TN  37219-2446
Telephone:  615-254-1900
william.rutchow@ogletree.com

Luci L. Nelson, BPR#036354
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
The Ogletree Building
300 N. Main Street, Suite 500
Greenville, SC 29601
Telephone: 864-271-1300
luci.nelson@ogletree.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21st day of July, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all registered participants and via Certified Mail, Return Receipt Requested, upon the following:

Mawule Tepe
3403 Peerless Rd., NW #G
Cleveland, TN 37312

*Pro se*

/s/ Luci L. Nelson _____

8
